﻿Citation Nr: 19159000
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 08-28 573
DATE: July 30, 2019

ORDER

Service connection for a left thumb disability is denied.

FINDING OF FACT

1. The Veteran failed to report for a VA examination for the claimed left thumb disability without good cause.

2. A preponderance of the evidence of record indicates that the Veteran does not have a current diagnosis of a left thumb disability.

CONCLUSIONS OF LAW

1. Because the Veteran has failed to demonstrate good cause for his failure to appear for the VA left thumb examination, the service connection for a left thumb disability claim must be adjudicated on the basis of the current evidence of record. See 38 C.F.R. § 3.655(a), (b).

2. The criteria for service connection for a left thumb disability have not been met. 38 U.S.C. §§ 1110, 1131, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.655, 4.9, 4.125, 4.127.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service in the United States Marine Corps from April 2003 to April 2007. He was awarded the Iraq Campaign Medal, among other decorations, for this service. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2007 rating decision issued by a Department of Veterans Affairs (VA) Regional Office in Detroit, Michigan.

The Board initially remanded the claim for a left thumb disability in December 2012 for a VA examination for the left thumb. In November 2017, the Board again remanded the Veteran's appeal for a VA examination for the left thumb. The Board finds that substantial compliance with its remand directives has been completed in connection with the Veteran's instant claim. See Stegall v. West, 11 Vet. App. 268, 271 (1998); see also Dyment v. West, 13 Vet. App. 141, 146-47 (1999).

Specifically, in compliance with the Board's November 2017 remand directives, the RO attempted to schedule two VA examinations for the Veteran: the first on November 22, 2017, and the second on April 11, 2019. As discussed more fully below, the evidence of record establishes that, without showing good cause, the Veteran failed to report for either VA examination.

The duty to assist is not a one-way street, and the Veteran has a duty to cooperate, which includes reporting for scheduled examinations designed to develop his service connection claims. See 38 C.F.R. §§ 3.326, 3.655(b); see also Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). Accordingly, the Board finds that VA has fulfilled its duty to assist the Veteran in developing the record as to the Veteran's left thumb disability, and nothing further is required. Moreover, the Veteran has not raised any other issues with respect to the duty to notify or the duty to assist, and the Board's obligation to read filings in a liberal manner does not require the Board to search the record and address procedural arguments not raised by the claimant. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016).

1. Service Connection for a Left Thumb Disability.

The Veteran contends that he is entitled to service connection for a left thumb disability. After review of the evidence, both lay and medical, the Board finds that service connection for a left thumb disability is denied.

The Veteran contends that he suffers from a left thumb disability after an in-service injury. As an initial matter, the Board remanded the Veteran's claim for additional development in November 2017, including a left thumb examination. The claims file reflects that the Veteran was initially scheduled for a VA examination to evaluate his service connection claim on November 22, 2017, but that the Veteran failed to report for the examination. Records from the Battle Creek VA Medical center show that a letter was sent and attempts were made to call the Veteran on November 13 and November 17, 2017 to schedule the Veteran for the C & P exam. The notes indicate the Veteran did not have voicemail at the time, so no message was left.

In March 2019, the C & P coordinator for the Battle Creek VAMC requested a copy of the letter sent for the November 2017 C & P examination. However, the staff indicated that copies of letters were not maintained, only tracking numbers for mailing purposes.

On March 26, 2019, a second attempt to schedule a C & P examination was made. On March 27, 2019, a letter was sent to the Veteran informing the Veteran an examination was being scheduled. Additionally, a voicemail offering the Veteran an appointment for the left thumb examination was left with the Veteran on March 27, 2019. A second voicemail was left on April 1, 2019. On April 11, 2019, an examination was cancelled after the Veteran failed to RSVP. A June 2019 Statement of the Case sent to the Veteran noted that he had failed to report to the May 2019 VA examination and that his service connection claim was consequently denied for lack of sufficient evidence.

Where entitlement to a benefit cannot be established or confirmed without a current VA examination or reexamination, and a claimant, without good cause, fails to report for such examination or reexamination, an original claim for compensation shall be decided based on the evidence of record. See 38 C.F.R. 

§ 3.655(a), (b). Examples of good cause include, but are not limited to, the illness or hospitalization of the claimant or the death of an immediate family member. See 38 C.F.R. § 3.655(a).

In this case, the Veteran has not asserted that he had good cause for failing to report or RSVP or attempt to work with VA staff to schedule his VA examinations on remand, nor has the Veteran argued that he was not properly notified by VA that his examinations had been scheduled, that notice of the examinations was not sent, or that the Veteran's address was not correct. Therefore, in light of the absence of clear evidence to the contrary, the Board finds that the Veteran is presumed to have received notice of the VA examinations, and that the absence of a notice letter in the claims file does not constitute clear evidence to effectively rebut this presumption. See Kyhn v. Shinseki, 24 Vet. App. 228, 236 (2011). Accordingly, the Board finds that the Veteran has failed to demonstrate good cause for his failure to work with VA staff to schedule and appear for his VA examinations, and, therefore, the Veteran's service connection claim for a left thumb disability must be adjudicated on the basis of the current evidence of record. See 38 C.F.R. § 3.655(a), (b).

With respect to the Veteran's service connection claim for a left thumb disability, the Board finds no evidence of a current thumb disability throughout the appeal period. The existence of a current disability is the cornerstone of a claim for VA disability compensation. 38 U.S.C. § 1110; Degmetich v. Brown, 104 F.3d. 1328, 1332 (1997) (holding that interpretation of sections 1110 and 1131 of the statute as requiring the existence of a present disability for VA compensation purposes cannot be considered arbitrary). Evidence must show that the Veteran currently has the disability for which benefits are being claimed. In the absence of proof of a present disability due to disease or injury that occurred in service, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Sanchez-Benitez v. Principi, 259 F.3d. 1356 (2001).

The requirement for a current disability is satisfied when a claimant has a disability either at the time a claim for VA compensation is filed, or at any time during the pendency of that claim. A claimant may be granted service connection even though the disability resolves prior to the Secretary's adjudication of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

Service treatment records are silent for any left thumb disabilities. On a March 2004 Report of Medical History, the Veteran denied any swollen or painful joints and bone, joint, or other deformities. 

In July 2007, the Veteran underwent a VA examination to determine the etiology of any left thumb disabilities. The Veteran reported that in 2003, he dislocated his thumb while working on a machine. He indicated that the thumb still dislocated if he pushed hard on it. The Veteran reported no x-rays or treatment for the thumb.

On examination, the Veteran VA examiner found no impaired strength or dexterity of the left thumb. The VA examiner indicated that the Veteran had no left thumb disorder. The Board notes the VA examiner indicated a diagnosis of status post left thumb dislocation but finds that the only basis for the diagnosis was the Veteran’s reports because on exanimation no left thumb disorder was found. Further, while the Veteran is competent to report pain and the sensation of dislocation in the left thumb, the Board finds that he is not competent to diagnose himself with having a dislocated left thumb or to provide a nexus between any current left thumb pain and the reported in-service left thumb pain. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

VA treatment records throughout the appeal period show no treatment for, or diagnosis of, a left thumb disability. 

There is no competent evidence showing that the Veteran was diagnosed with a left thumb disability at any time during the pendency of the claim; the Veteran has accordingly not shown a current disability for which service connection can be granted. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. As the preponderance of the evidence is against the claim, that doctrine is not applicable. 38 U.S.C. § 5107(b).

 

H. SEESEL

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD C. Teague, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.